FILED

May 27 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0368

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 189N

THE RATTLESNAKE COALITION, LOREEN FOLSOM,
WILLIAM HOLLENBAUGH and DANIEL JENSEN,

Plaintiffs and Appellants,

v.

CITY OF MISSOULA, STATE OF MONTANA, and
MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY,

Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 05-1087
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Carolyn Kay Vinci, Attorney at Law; Missoula, Montana

Craig Murdock, Attorney at Law; San Francisco, California

For Appellees:

Steve Bullock, Montana Attorney General; Helena, Montana
John F. North, Carol E. Schmidt; Special Assistant Attorneys General;
Helena, Montana

James P. Nugent, City Attorney; Missoula, Montana

Submitted on Briefs:  April 15, 2009

Decided:  May 27, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    In filing this suit for injunctive and mandatory relief, the Rattlesnake Coalition (hereinafter "the Coalition") argued that the 1999 Wastewater Treatment Plan's environmental review document and the Montana Department of Environmental Quality's (MDEQ) 2007 Environmental Assessment (EA) failed to comply with the Montana Environmental Policy Act (MEPA), § 75-1-101 et seq., MCA. In November, 2007, the District Court denied the Coalition's Motion for Partial Summary Judgment and in July, 2008, granted summary judgment in favor of the City of Missoula (hereinafter "the City") and the MDEQ, concluding the Coalition's challenge to the 1999 review document is barred by the doctrine of laches. It further concluded the 2007 EA complied with the MEPA, § 75-1-101 et seq., MCA. The Coalition appeals from the July 2008 order.

¶3    In its order granting summary judgment, the District Court found that the 2007 EA prepared for the City's proposed sewer project was a stand-alone document, therefore the challenge to the EA prepared in 1999 was either barred by laches, (*see Montana*

2

*Wilderness Ass'n v. Fry*, 310 F. Supp. 2d 1127, 1140) (D. Mont. 2004) for a discussion of the laches analysis); or, since the projects addressed in the 1999 EA are now mostly completed, a controversy no longer exists regarding the 1999 EA, and the issue was therefore moot.

¶4     As to the 2007 EA, the Coalition argued that it violated MEPA because it failed to: (1) address cumulative impacts, and (2) analyze alternatives.  The District Court concluded the Coalition had failed to raise any genuine issues of material fact; that the 2007 EA complied with the MEPA given that MDEQ had addressed cumulative impacts within the 2007 EA and had addressed five alternatives to the proposed action, including an extensive in-depth analysis of on-site treatment that the Coalition had advocated.

¶5     In its summary judgment order of July 2, 2008, the court references its November 29, 2007 Order, which concludes that the Coalition had "not met their burden of proof" [to demonstrate that the EA is inadequate] and that "MDEQ's conclusion that there are no significant adverse impacts of the sewer project and, therefore, that an environmental impact statement is not required cannot be said to be arbitrary, capricious, or unlawful." *See Friends of the Wild Swan v. Dept. of Nat. Resources & Conservation*, 2000 MT 209, ¶ 27, 301 Mont. 1, 6 P.3d 972.

¶6     We have determined it is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the District Court correctly

3

concluded that there are no genuine issues as to material facts. Further, the District Court correctly interpreted settled Montana law and determined that the defendants were entitled to judgment as a matter of law.

¶7 We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER